I concur with the decision reached by the majority. However, I would additionally emphasize, in regard to appellant's Second Assignment of Error, that R.C. 2323.51 requires a trial court to conduct an evidentiary hearing and allow parties to present evidence in support of or in opposition to an award of attorney fees, and the amount of the award. See, e.g., Simpson v. Sexton (August 7, 2000), Licking App. No. 99-CA-77, unreported, at 4. Appellant thus specifically challenges the format of the hearing on attorney fees, during which counsel for Appellee Allstate was permitted to take the stand and respond to questions both from appellant's counsel and from the trial judge herself. Nonetheless, it is well accepted law that a party is not permitted to complain of an error which said party invited or induced the trial court to make. SeeState v. Kollar (1915), 93 Ohio St. 89, 91. The transcript reveals the following exchange between the trial court and appellant's counsel:
 MR. EMERSHAW: Yes, Your Honor. First of all, Your Honor, I believe that Plaintiff (sic) in this motion has failed based on the fact that no evidence was presented as to the reasonableness of these attorney fees.
 THE COURT: Well, actually that was going to be a question I was going to ask.
 Are you going to require counsel to come in here and testify as to the reasonableness — in other words, are you going to require live testimony as to the reasonableness of the fees?
 MR. EMERSHAW: I would have thought, Your Honor, that that's what this hearing was about.
 In other words, we received a bill 2:30 or 3:00 on Friday from the Plaintiff in this particular appeal; and as such we reviewed it over the weekend.
 Even though we requested it much before that and we do have some questions on the bill, and obviously maybe Attorney Wyss can take the witness stand and I can inquire from her.
 THE COURT: Would you agree to permit Attorney Wyss to respond with respect to the billing statements since she is one of the attorneys of record in this case?
MR. EMERSHAW: Absolutely.
THE COURT: All right, then.
Tr., Hearing of February 12, 2001, at 12-13.
Therefore, I would hold that appellant cannot now challenge the propriety of the trial court's conducting per se of the hearing on attorney fees, and would otherwise find no abuse of discretion in the award thereof.